[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION — DEFENDANTS MOTION FOR ARTICULATION
The plaintiff filed motions for: referral to Family Services together with pendente lite motions for custody and visitation, exclusive possession, alimony and support and a motion for compliance regarding discovery. On April 2, 2001, this court entered pendente lite orders relative to custody and visitation, referred the matter to Family Services for a custody and visitation study, appointed an attorney for the minor children, the motions for alimony and support were marked off, discovery was to be completed by May 1, 2001, unless there were objections and the plaintiff's motion for exclusive possession was granted. On April 9, 2001, the defendants filed a motion for articulation regarding this courfs decision on the motion for exclusive possession. This court herein issues the following articulation setting forth its bases for granting the plaintiff's motion.
DISCUSSION
General Statutes § 46b-83 provides this court with authority to" . . . award the exclusive use of the family home or any other dwelling unit which is available, for use as a residence pendente lite to either of the parties as is just and equitable without regard to the respective interests of the parties in the property" The court found that an award of exclusive use of the family dwelling at 128 Nonnewaug Road Bethlehem, Connecticut was appropriate and ordered exclusive possession to the Plaintiff commencing April 10, 2001.
The court in exercising its broad equitable powers to the issue presented as to exclusive possession considered the following arguments and comments presented at the hearing by the parties on April 2, 2001 in its determination:
 — The tension in the household — The fact that the police had been called to the residence — The best interest of the children — The availability of the primary marital residence for use by the defendant — The fact that the defendant is not the owner of the premises at 128 Nonnewaug Road in Bethlehem — The statements by the defendant at the CT Page 11501 hearing that he "had no objection to living in a different residence" that the "issue is the access to my kids', that the defendant "offered to move out", that he "did not enjoy living at the residence' that it was "not comfortable". — The interest of minimizing the emotional trauma on the children — The interests in the continuity, stability and well being of the minor children
The situation at the home has deteriorated to the point where the parties are unable to communicate effectively. This atmosphere is unhealthy and not in the best interest of their children.
The above sets forth the reasons for the granting of the plaintiffs motion for exclusive possession.
By the court,
Cremins, J.